Filed 9/26/23  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080798 |
| v. | (Super.Ct.No. RIF1603611) |
| JOSEPH WILLIAM MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Joseph William Morales appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now renumbered to section 1172.6).  For the reasons set forth *post*, we dismiss the appeal.

## STATEMENT OF THE CASE

On March 26, 2019, a jury convicted defendant of second degree murder under section 187, subdivision (a), and found true that defendant personally used a knife to commit the murder under section 12022, subdivision (b)(1).[2]

On April 24, 2019, the trial court sentenced defendant as a third-strike offender to a term of 45 years to life for the murder conviction and one year for the knife use enhancement, for a total of 46 years to life.

Defendant appealed from his underlying case.  On June 17, 2020, in case No. E072628, we affirmed defendant's conviction for second degree murder.  (*People v. Morales* (June 17, 2020, E072628) [nonpub. opn.] 2020 Cal.App.Unpub.LEXIS 3763.) We found that there was substantial evidence to the jury's finding that defendant used a deadly weapon when attacking the victim.  (*Id.* at *9-*10.)

On September 19, 2022, defendant filed a petition for resentencing under section 1172.6.  The trial court appointed counsel to represent defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] The jury also found defendant guilty of four other counts.  These counts are not at issue on appeal.

At a prima facie hearing on February 17, 2023, the prosecutor stated that the jury instructions from the underlying case were sent to both counsel on December 13, 2022. The prosecutor then stated that "[n]o instructions regarding aiding and abetting, natural and probable consequences, or felony murder were given to the defendant's jury. No theory under which malice was imputed to him by anyone." In response, defense counsel stated: "I have read those documents, and I will confirm what [the prosecutor said. And I will submit." The trial court denied defendant's petition.

On March 1, 2023, defendant filed a notice of appeal.

## DISCUSSION

Counsel has filed a supplemental brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders*, appellate counsel has identified the following issue to assist the court in its search of the record for error:

1.     "Did the trial court err in denying the petition for resentencing at the prima facie stage of review in view of the fact that the prosecutor did not file a response pursuant to Penal Code section 1172.6, subdivision (a)?"

On June 7, 2023, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 [302 Ca1.Rptr. 153, 160-164];

3

*People v. Serrano* (2012) 211 Ca1.App.4th 496.)  The appellant is personally granted 30 days to file any supplemental brief deemed necessary.  If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216 [].)  Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

More than 30 days have elapsed, and we have received no communication from defendant.

Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we consider defendant's appeal abandoned and order the appeal dismissed.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.

4